ISAAC AMES *et al.*

*v.*

JOHN CARLTON.

1.  TOWNS — *power to prohibit cattle running at large.* The statute authorizes every town to prohibit the running at large of cattle, horses, etc.

2.  TRESPASS — *by cattle running at large.* Under the operation of a town ordinance prohibiting cattle from running at large, the entry of cattle running at large upon the premises of a stranger is a trespass, as at common law.

3.  JURISDICTION *of justices of the peace, in trespass by cattle illegally running at large.* Justices of the peace have jurisdiction under the general law, of the action of trespass to real estate, and would therefore have jurisdiction of an action brought to recover damages for injuries done by cattle illegally at large.

4.  JURISDICTION — *how affected by cumulative remedies.* Where a town ordinance which prohibits cattle from running at large, gives a special remedy against the owners for a violation of the ordinance, that does not oust the justice of the general jurisdiction given by statute of an action for damages.

WRIT OF ERROR to the Circuit Court of Livingston county.

This was a suit commenced by John Carlton against Isaac Ames and others, before a justice of the peace in Livingston county. The cause was removed into the Circuit Court by appeal, where it was tried before the court upon the following agreed state of facts: The plaintiff is a resident of the town of Nevada, in the county of Livingston, in this State, and the defendants are residents of the town of Sunbury in said county, the said towns lying adjoining. The defendants' cattle were running at large in the town of Sunbury, in September, 1865,

and while so running at large they crossed the town line, and, running at large in the town of Nevada, did damage to the plaintiff's crop of growing corn to the amount of five dollars.

The plaintiff's crop was protected by no fence except the outside edge of the cultivated field in which the same was growing; in other words, had no protection except such as was afforded, if any, by the first ordinance hereinafter set forth, there being two distinct ordinances passed by said town.

The town of Nevada adopted the following ordinances at the annual town-meeting held in April, 1865, which were posted and publishing according to law:

### Fence Ordinance.

" SEC. 1. The outside edge of cultivated lands shall be a good and lawful close or fence for all purposes in law."

### Cattle Ordinance.

" SEC. 1. No cattle, horses, mules, asses, hogs, or sheep shall be permitted to run at large in the town of Nevada, in the county of Livingston, and State of Illinois.

" SEC. 2. If any of the above enumerated stock shall be found running at large in said town, the owner, or his or her agent, shall be liable to a fine or damages equivalent to the injury said stock may have done to growing or matured crops in said town, to be paid to the person or persons suffering such injuries; said stock may be impounded by any inhabitant of said town, and shall be held in charge of the pound-master until said fine or damages shall be paid, or until said stock shall be sold under the provisions of this ordinance.

" SEC. 3. Said fine or damages shall be re-assessed by each of the parties choosing one man, and they two a third, and their decision shall be final.

" SEC. 4. Whenever any cattle, hogs, horses, sheep, mules, asses, shall be impounded, if not taken out within five days, the pound-master shall notify the owner or agent, if known to him as such, and if a resident of this town, and shall also post up notices in three of the most public places in said county, giving

a description of said stock, their marks and brands and color, the time and place of their being sold; and, after ten days from the time of posting said notices, said stock shall be sold by the pound-master to the highest bidder for cash, and, after paying fine or damages and costs, the balance of the purchase-money, if any, shall be held subject to the owner's order. ⟨ The owner may redeem said stock within three months from the day of sale, by paying the amount of the purchaser's bid, with interest thereon at the rate of ten per cent per annum, with costs of keeping said stock after sale."

The Circuit Court found for the plaintiff, and assessed his damages at five dollars, and judgment was rendered accordingly.

It is agreed that no assessment of damage was made under the third section of the latter ordinance.

The defendants bring the cause to this court upon writ of error, and present the following questions:

1. Had the justice before whom the case was tried jurisdiction of the case?

2. Have the inhabitants of the town of Nevada the right to pass such ordinances?

3. In bringing suit for an alleged violation of said ordinance, must the mode of procedure therein specified be followed?

Mr. L. E. PAYSON, for the plaintiffs in error.

Mr. A. E. HARDING, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only point made in this case by the counsel for plaintiff in error is, that the justice had no jurisdiction. This position is not tenable. The statute authorizes every town to prohibit the running at large of cattle, horses, etc. This town did so. Under the operation of this ordinance, cattle running at large were so running, in violation of law, and their entry upon the premises of a stranger was a trespass, as at common law. Justices have jurisdiction of the action of trespass to real estate, and would therefore have jurisdiction of an action brought to

recover damages for injuries done by cattle illegally at large. The special remedy given by the ordinance is simply cumulative, and could not oust the justice of a general jurisdiction given him by statute. The only question for him to decide was, whether the act complained of was a trespass, that is, whether the defendants' cattle had illegally gone on the land of the plaintiff. If a trespass, the owner was liable for any damages done, and these damages could be recovered before any tribunal having jurisdiction of the parties and of the action of trespass.

*Judgment affirmed.*